UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                          CASE NO. 4:16CV00168 BSM

$284,950.00 IN U.S. CURRENCY                                    DEFENDANT

NIKKOLAS THOMPSON                                               CLAIMANT

### THE UNITED STATES OF AMERICA'S BRIEF IN SUPPORT OF ITS SECOND MOTION TO STRIKE NIKKOLAS THOMPSON'S VERIFIED CLAIM AND ANSWER TO THE COMPLAINT

Nikkolas Thompson has failed to comply with this Court's order that he fulfill his discovery obligations. The Court, in a July 27, 2017, order, directed Thompson to a document that outlined the ways in which Thompson's responses were deficient and gave him three weeks to address those issues. Thompson, despite requests from the United States, has not done as the Court ordered him to do. Thompson's refusal to follow this Court's orders is a sufficient reason to strike his claim.

### BACKGROUND

In September 2015, authorities seized $284,950 in cash from Thompson's luggage, believing the money to be drug proceeds. Complaint, Dkt. 1, at 1-2. The United States filed this civil forfeiture action against the money and Thompson filed a claim challenging the forfeiture. *Id.* at 1; Claim, Dkt. 3, at 1. Almost a year ago, the United States, in an effort to better assess its case against Thompson and to prepare for further litigation, sought discovery from Thompson. *See* McCree Letter to Sprinkle (Sept. 20, 2016), Dkt. 13-3, at 1; Special Interrogatories, Dkt. 13-8, at 1-39. Thompson answered the special interrogatories late, and failed to adequately respond to all of them when he did respond. *See* McCree Letter to Sprinkle (Oct. 17, 2016), Dkt. 13-4, at 1; McCree Email to Sprinkle (Oct. 19, 2016), Dkt. 13-5, at 1; McCree Email to Sprinkle (Oct. 23,

2016), Dkt. 13-6, at 1; McCree Letter to Sprinkle (Oct. 25, 2016), Dkt. 13-9, at 1-4. After conducting this limited discovery, the United States moved to strike Thompson's claim. Motion to Strike, Dkt. 13, at 1-3. The motion was based on two grounds: (1) Thompson's claim was insufficiently pled and (2) Thompson has not adequately responded to discovery. *Id*. The Court held that Thompson's claim was sufficiently pled but ordered Thompson to supplement his discovery responses as outlined in a letter sent by the United States except his answer to Special Interrogatory No. 5. Order, Dkt. 27, at  2 ("With the exception of interrogatory number five, Thompson is ordered to supplement his responses to the special interrogatories as requested by the United States within 21 days of the date of this order. *See* Doc No. 13-9 (United States letter asking Thompson to supplement answers to special interrogatories)"). The Court set an August 17, 2017, deadline for the supplemental answers. Order, Dkt. 27, at 2.

Thompson provided some supplemental responses on August 17, but his responses still failed to address a number of issues. Supplemental Answers to Special Interrogatories, Exh. 1, at 1-9. As noted by Thompson's counsel, the special interrogatories were not signed by Thompson. Emails Regarding Supplemental Answers, Exh. 2, at 1. Also, the United States compared Thompson's supplemental responses to its prior correspondence and outlined all of the issues Thompson failed to address. McCree Letter to Sprinkle (Aug. 22, 2017), Exh. 3, at 1-3. The United States requested that Thompson address those issues by September 1. *Id*. at 1. Further, the United States offered to meet to discuss the issues if Thompson thought it helpful. *Id*. Thompson did not respond to the letter, phone calls, or emails in the days leading up to the September 1 deadline. *See* Emails Regarding Supplemental Answers, Exh. 2, at 1-2. Ultimately, Thompson missed the September 1 deadline as well. *Id*. at 1. The United States reached out again on September 5 and agreed to forego any action if Thompson would provide a response by 5pm on September 8. *Id*.

Thompson did not meet that deadline, and to date, he has not responded to the Government's September 9 inquiry about the missed deadline or made any further effort to move this matter forward. *Id.*

The United States has moved to strike Thompson's claim because he has failed to comply with this Court's order regarding discovery. The United States now submits this brief in support of its second motion to strike.

## **DISCUSSION**

A party who fails to answer discovery is subject to sanctions. *See* Fed. R. Civ. P. Supp. R. G. 8(c); See also Fed. R. Civ. P. 37(b) (outlining the penalties for failing to comply with a court order). Although both Supplemental Rule G and the general civil rules of civil procedure provide for striking a pleading as a discovery sanction, the advisory committee noted that failure to respond adequately to special interrogatories could be a more egregious violation than failure to respond to standard discovery. *See* Advisory Committee Notes, 2006 Adoption, Subdivision (8), Paragraph (c) ("Not every failure to respond to subdivision (6) interrogatories warrants an order striking the claim. But the special role that subdivision (6) plays in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanction under Rule 37."); *see also United States v. $333,806.93 in Proceeds*, No. 2:05CV02556, 2010 WL 3733932 (C.D. Cal. Aug. 30, 2010) (explaining that failure to respond to special interrogatories should be judged under a higher standard than the usual course of discovery) (citing the advisory committee notes). The facts of this case warrant the exercise of the Court's authority under both Supplemental Rule G and Rule 37. Thompson has repeatedly missed deadlines without explanation. At present, he has missed a court-imposed deadline to address deficiencies in his

3

discovery responses and two additional deadlines set by the United States. Exhibit 3 outlines the remaining deficiencies in Thompson's discovery responses.

Thompson's failure to comply with the rules remains unexplained and is unreasonable in light of the United States' offer to make records available to him and to meet regarding this matter. Thompson has had many opportunities to meet his obligations, and he simply chose not to avail himself of those opportunities. Thompson's failure to participate in discovery warrants the striking of his claim. *United States v. $29,410.00 in U.S. Currency*, 600 Fed. Appx. 621, 623-24 (10th Cir. 2015) (affirming order striking claim for failure to answer special interrogatories and rejecting argument that given the complexity of forfeiture law, 10 weeks was too little time for a response); *United States v. American Black Bears*, 244 Fed Appx. 828, 830 n.1 (9th Cir. 2007) (affirming dismissal of claim for failure to comply with discovery, and rejecting argument that such sanction is available only upon a showing of bad faith); *United States v. $49,000 in U.S. Currency*, 330 F.3d 371, 376-79 (5th Cir. 2003) (holding that striking claim and answer was appropriate sanction under Rule 37 for claimants' failure to comply with discovery order within the court's deadline); *United States v. Approximately $4,734 U.S. Currency*, 280 F.R.D. 448, 451 (E.D. Wisc. 2011) (granting motion to strike and explaining that justice is frustrated if the Government has to involve the Court repeatedly to address issues the parties can and should be able to address without Court intervention).

## CONCLUSION

Thompson is willfully violating an order of this Court that he participate in discovery. His failings come after several after several efforts by the United States to resolve this matter without Court intervention. Thompson's willful failure to meet his discovery obligations warrants the striking of his claim. The United States asks that the Court grant its second motion to strike.

PATRICK C. HARRIS
Acting United States Attorney

By:   */s/ Cameron C. McCree*
CAMERON C. McCREE (2007148)
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2624
Cameron.McCree@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 13, 2017, I filed this brief with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Cameron C. McCree*
CAMERON C. McCREE